Rev. 5/20

1 of 15

# United States District Court
Middle District of Florida
Fort Myers Division

__JOHNNY BURGESS__
*(In the space above enter the full legal name of the plaintiff)*

-against-

__Warden - Derek Snider__
__Captain - FNU Ramsey__
__Lieutenant - FNU Hughley__
__Sergeant - FNU Tabil__
__Officer - John Doe__
__(Sued in their Individual & Official Capacities)__

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

Case No. 2:21-CV-618-JLB-MRM
(To be filled out by Clerk's Office only)

**AMENDED COMPLAINT**
*(Pro Se Confined Litigant)*

Jury Demand?
☑ Yes
☐ No

PROVIDED TO
CHARLOTTE CI
ON 9/21/21 FOR MAILING

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

- [x] 42 U.S.C. § 1983 (state, county, or municipal defendants)

- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

Burgess, Johnny  N/A
Name (Last, First, MI)

N/A
Aliases

U05762
Identification #

Charlotte Correctional Institution
Place of Detention

33123 Oil Well Road
Institutional Address

Punta Gorda
County, City

Florida
State

33955
Zip Code

## III. STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: __Snider, Derek__
Name (Last, First)

__Warden / Superintendant__
Current Job Title

__Charlotte C.I.__
Current Work Address

__Charlotte, Punta Gorda, Florida    33955__
County, City         State         Zip Code


Defendant 2: __Ramsey, FNU__
Name (Last, First)

__Captain__
Current Job Title

__Charlotte C.I.__
Current Work Address

__Charlotte, Punta Gorda, Florida    33955__
County, City         State         Zip Code

**Defendant(s) Continued**

Defendant 3: Hughley, FNU
Name (Last, First)

Lieutenant
Current Job Title

Charlotte C.I.
Current Work Address

Charlotte, Punta Gorda, Florida    33955
County, City          State          Zip Code


Defendant 4: Tabil, FNU
Name (Last, First)

Sergeant
Current Job Title

Charlotte C.I.
Current Work Address

Charlotte, Punta Gorda, Florida    33955
County, City          State          Zip Code


[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

## IV. DEFENDANT(S) INFORMATION

Defendant(s) Continued

Defendant 5: <u>Doe, John</u>
Name (Last, First)

<u>Officer</u>
Current Job Title

<u>Charlotte Correctional Institution</u>
Current Work Address

<u>Charlotte, Punta Gorda,</u>   <u>FL</u>   <u>33955</u>
County, City                      State    Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Charlotte C.I., Oil Well Road., Punta Gorda, FL 33955

Date(s) of occurrence: March 22, 2021

State which of your federal constitutional or federal statutory rights have been violated:
The actions of all 5 defendants in using physical, excessive, and/or unnecessary force, and/or without need or provocation, and/or failing to intervene as required was done maliciously & sadistically constituting cruel and unusual punishment in violation of my 8th U.S.C.A. Right.

State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).

FACTS:

State here briefly the FACTS that support your case. See Fed.R.Civ.P. 8. Describe how each defendant was personally involved in the alleged wrongful actions. State whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed.R.Civ.P. 10(b).

FACTS:

1. On July 23rd, 2015 I was stabbed and almost killed by a gang member due to gangs having a $2,500 statewide hit on my head as a reward for any gang member from any gang that stabs and or kills me.

2. On July 15, 2020 I was stabbed up and almost killed at Dade C.I. by another gang member from another gang. Thus, I've been diagnosed & suffers from P.T.S.D. due to constant getting stabbed.

3. On February 8, 2021 I filed a grievance to the Administration at Charlotte C.I. informing the I.C.T. team that all gangs has a $2,500 reward hit on my head for any & every gang member from any gang that stabs me. See grievance log # 510-2102-0371

4. On February 11, 2021 I informed the I.C.T. team at Charlotte verbally & via grievance that if they place me on c/m-2 and give me a cellmate that's gang affiliated that they'll try to kill me being that every gang has a statewide reward for any & every gang member that stabs me. So that I'm in great fear of my life and seek protective management status. But was denied.

5. On February 12, 2021 I was placed on c/m-2 and was placed in the cell with a gang member that's in the same gang as the other gang member that had stabbed me 7 months prior to that date. Thus, my cellmate, Inmate Brown attacked me. Hence, from that point on I refused every Inmate that they attempted to place in my cell being that I am in fear of my life from being killed. Especially, because they only attempted to place Inmates in my cell who are ONLY gang affiliated.

6. On March 12, 2021 they attempted to place a gang affiliated Inmate in my cell but I refused him which caused defendant (Tabil) to get mad at me and deprive me of my dinner meal. See grievance log # 2104-510-003.

7. So I started filing grievances in regards to that issue and other violations that (Tabil) was committing. So from that point on, (Tabil) became very vindictive and started by retaliating upon me in every way He possibly could (to include threatening me, tampering with my incoming & outgoing mail, depriving me of meals, unsecuring my cell door in the middle of the night challenging me to fights. See grievances log#'s 2116-10451, #2103-510-054, #510-2103-0178, #510-2103-0424, #2104-510-149.

8. On March 22, 2021 between 7:30pm - 8:30 pm while housed in #F1105 (Tabil) out of retaliation for filing grievances on him, had lied on me & set me up to be sprayed with chemical agents. Because (Tabil) had stated that if and whenever He decides to set an Inmate up, abuse an Inmate, place an Inmate on strip and of whatever else He decides to do to any Inmate that

He can do whatever He pleases. Because that His Lieutenant (defendant Hughley) & Captain (defendant Ramsey) will allow him to do whatever He wants and will back him up.

9. Thus, on March 22, 2021 chemical agents were deployed on me. Defendants Ramsey & Hughley were OIC's and Tabil dorm supervisor.

10. Now once I was removed from my cell and placed in the shower (shower #2) for decontamination purposes, I attempted to inform staff & the camcorder that I was turning in my personal "Nike" sneakers when an unknown staff (defendant John Doe) illegally crept & snuck up on me while I wasn't paying any attention and applied a 2nd application of chemical agents on me by spraying me in the eyes, mouth and nose first, then on the rest of my body once I turned my back to escape the chemical assault from being sprayed in the face at point blank range.

11. Thus, violating the aforementioned rules outlined in Chapter 33-602.210 (2)(a) 1.-8. Because pursuant to these rules, staff are only authorized to apply chemical agents on 8 different enumerated purposes which are: #1) to defend themselves or others against imminent or already occuring unlawful force; #2) to prevent a person from escaping; #3) to gain custody of an escaped Inmate; #4) to prevent damage to property; #5) Quell a disturbance; #6) Overcome an Inmate resistance to a lawful command; #7) to prevent an Inmate from any self harm or suicidal attempt; and #8) to restrain an Inmate so that medical treatment can be administered

12. I was safely secured in the shower not harming

myself nor was I in violation of any of these 8 enumerated purposes that authorizes staff to apply chemical agents to Inmates. Because I was only explaing to staff about my Nike Sneakers.

13. Pursuant to rule 33-602.210 (2)(e) it specifically states: "Mere verbal abuse is NOT a sufficient basis to authorize a use of force."

14. Hence, the second application of chemical agents that were applied on me while I was naked in shower #2 was illegal, a form of excessive force and Assault & Battery on a detainee/Inmate by staff. Because I was only talking to staff not creating a problem nor was I in any violations of any of the 8 enumerated purposes listed above that justifies me to be sprayed with chemical agents.

15. Therefore, the officer that applied the 2nd application of chemical agents upon me for no justifiable reason other than to harm me out of retaliation, is in clear violation of not only chapter 33-602.210 but also chapter 33-208.002 (14) which prohibits staff from using unnecessary force, as well as the Senior Correctional Officer(s) that facilitated this Use of Force, by Assaulting me physically by using the chemical agents as a weapon to apply unnecessary/illegal force upon me when I was already secured in a shower, and therefore, was NOT a threat to myself or anyone else. Nor was I in violation of any rules that warranted for me to be sprayed again. So again, the 2nd application of chemical agents that was applied to my face at "Point Blank Range" while I was naked in shower #2 was illegal, unnecessary, Assault & Battery and

excessive force.

16. CONCLUSION: Due to this illegal 2nd application of chemical agents that were applied to my face at point blank range, its causing eye vision problems now such as blurryness, eyes burning and agitation as well as respiratorial problems & breathing complications being that I was sprayed up my nose at point blank range and was forced to inhale a large amount of chemical agents. To add to that, I'm also suffering from stomach problems, whereas, I was defecating bloody diarrhea in my stool being that I was forced to swallow a large amount of chemical agents due to the facts that I was sprayed in the mouth at "Point Blank Range." Furthermore, I'm experiencing a burning sensation all over my entire body as well including my testicles & anus where it burns the most and has a psychological effect on me. Moreover, due to this I've become emotionally disturbed and it's effecting me psychologically and is exacerbating my mental health and condition.

17. Plus, during this entire incident staff placed the handcuff restraints around my wrist so tight that one of the cuffs cut through my skin on my wrist of my right hand to the bone. But the cuffs were so tight on both of my wrist that it cut off the blood circulation to both of my hands causing them to swell up and now I have nerve damage and no feelings in both hands.

18. Due to all of this I was put on strip status and placed in an empty cell naked without anything except a pair of underwear and forced to sleep on a steel bunk bare-skinned while it was soaked

and contaminated in chemical agents and was deprived of a mattress, bed linen, clothes and personal property for over 72 hours.

19. During this period of time I was vomiting & defecating bloody diarrhea in my stool being that I was forced to inhale & swallow large amounts of chemical agents. So I constantly informed staff that I had a Medical Emergency but was denied medical treatment See grievance log # 510-2103-0526

## VI. ADMINISTRATIVE PROCEDURES

*WARNING:* **Prisoners** *must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Wherefore, Plaintiff requests that the Court grants the following relief listed below

A. Issue a declaratory judgment stating that:
1. The physical abuse of the plaintiff by the defendants with chemical agents violated the plaintiff's rights under the 8th Amendment to the U.S. Constitution and constituted an Assault and Battery under Florida Law
2. Defendants failure to take action to curb the "Excessive Force" upon a prisoner violated plaintiffs rights under the 8th Amendment to the U.S. Constitution
B. Award compensatory damages in the following (jointly and severally) against all named defendants
C. Award punitive damages in the following (jointly and severally) against all named defendants
D. Grant such other relief as it may appear that plaintiff is entitled.

## VIII.  LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a **prisoner** from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

***ALL LITIGANTS MUST ANSWER:.***

Have you to date brought any other lawsuits in state or federal court while a confined?    ■ Yes    ☐ No

      If yes, how many? _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

8th Amendment violation claim

Plaintiff (to previous lawsuit) - Johnny Burgess

Defendant(s) (to previous lawsuit) - Jonathan Jorge & FNU Rouse

Court (of previous lawsuit) - U.S. District Court, Middle District of Florida (Ocala Division), Golden-Collum Memorial Federal Building And U.S. Courthouse, 207 N.W. Second Street, Room #337, Ocala, Florida 34475-6666

Docket or Index number - # 5:17-cv-00131-BJD-PRL

Name of Judge assigned to previous lawsuit - Mr. Paul Lammens

Approximate date of filing previous lawsuit - March 29, 2017
The case was dismissed & settled around April 2020

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

September 19, 2021
Dated

Johnny Burgess
Plaintiff's Signature

Burgess, Johnny    N/A
Printed Name (Last, First, MI)

U05762
Identification #

Charlotte C.I.    Punta Gorda    FL    33955
Institutional Name    City    State    Zip Code